| | |
|---|---|
| Augustus Woodard (Pro-Se) <br><br> v. <br><br> Warden Bobby Shearin, Lt. Dale Smith, Commissioner Michael Stouffer, Officer Soltas, Miller, Et. All <br><br> Defendant | In the United States District Court for the District of Maryland Southern Division <br><br> Civil No _____ <br> FILED ____ ENTERED ____ <br> LODGED ____ RECEIVED ____ <br><br> MAY 09 2013 <br><br> AT BALTIMORE <br> CLERK U.S. DISTRICT COURT <br> DISTRICT OF MARYLAND <br> BY _____ DEPUTY |

## I. Jurisdiction + Venue

(1.) This is a civil action authorized by 42 U.S.C Section 1983 to redress the deprivation under color of state law, of rights secured by the Constitution of the United States. The court had jurisdiction under 28 U.S.C. Section 1331 and 1343 (a) (3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C Section 2201 and 2202.

(2.) The District of Maryland is an appropriate venue under 28 U.S.C Section 1391 (b) (2) because it is where the events giving rise to this claim occured.

(3) A handwritten complaint filed "pro-se" by a

-1-

prisoner is to be liberally construed; <u>Estelle v. Gamble</u> 429 U.S. 97, 106 S.Ct. 285 (1976).

(4.) That being said "pro-se" complaint are held to less strigent standard than pleadings crafted by lawyer's <u>Hughes v. Rowe</u>, 449 U.S. 59·101 S.Ct. 173-176 (1980).

(5.) The plaintiff brings forth this claim under "Imminent danger clause the prison litigation Reform Act (PLRA) makes it more difficult to bring a 1983 action. But those "<u>Limitations does Not</u> apply if the prisoner is in Imminent Danger of serious physical injury Gibbs v. Cross 160 F.3d 962 965-67 (3d Cir 1998) Imminent Danger exception satisfied by Allegations of watery eyes, severe headaches, and change in voice caused by "<u>Cust</u>" particles emitted by cell vent. Exception does not require that the prisoner have" Existing physical injury!

## II Plaintiff

(6.) Plaintiff Augustus Woodard #349·818 pro·se is and was at all times mentioned here **IS** A prisoner of the state of Maryland in the custody of the Maryland Department of Corrections. He is currently confined in

-2-

North Branch Correctional Institution (N.B.C.I)
In Cumberland Maryland.

### III Defendants.

(7.) Defendant Michael Stouffer, Is the Commissioner of the State of Maryland. He is legally Responsible for the overall operation of the department of Correction (D.O.C.) and each institution under its jurisdiction, Including N.B.C.I.

(8.) Defendant Bobby Shearin is the Warden of N.B.C.I. He is legally Responsible for the operation of N.B.C.I And for the welfare of all the inmates of that prison

(9.) Defendant Dale Smith is the housing Unit Manager of housing unit (1) at N.B.C.I. He is legally Responsible for the operations and welfare of all inmates housed in housing unit (1).

(10.) Defendant Officer Miller 1-3 shift is a Correctional officer of the Maryland Divison of Correction (N.B.C.I) at all times mentioned in this complaint held the Rank of

Corporal or C.O. II and was assigned to housing unit (1) at N.B.C.I.

(11.) Defendant C.O. II Sailsure 7-3 shift is a correctional officer of the Maryland D.O.C. who at all times mentioned in this complaint held the rank of Corporal or C.O. II and was assigned to housing unit (1) at N.B.C.I.

(12.) Defendant C.O. II Saville 7-3 shift is a correctional officer of the Maryland D.O.C. who at all times mentioned in this complaint held the rank of Corporal or C.O. II and was assigned to housing unit (1) at N.B.C.I.

(13.) Defendant Sgt. Gillum 7-3 shift is a correctional officer of the Maryland D.O.C. who at all times mentioned in this complaint held the rank of Sgt. and was assigned to housing unit (1) at N.B.C.I.

(14.) Defendant Sgt. Isler 7-3 shift is a correctional officer of the Maryland D.O.C. who at all times mentioned in this complaint held the rank of Sgt. and was assigned to housing unit (1) at N.B.C.I.

-4-

(15.) Defendant Sgt. Forney 3-11 shift is a correctional officer of the Maryland D.O.C. who at all times mentioned in this complaint held the rank of Sgt and was assigned to housing unit (1) at N.B.C.I.

(16.) Defendant C.O. II Linscomb is a correctional officer of the Maryland D.O.C. who at all times mentioned held rank of corporal or C.O. II was assigned to housing unit (1) at N.B.C.I. 7-3 shift.

(17.) Defendant C.O. II Wilt 3-11 shift is a correctional officer of the Maryland D.O.C. who at all times mentioned in this complaint held the rank of corporal or C.O. II and was assigned to housing unit (1) at N.B.C.I.

(18.) Defendant C.O. II Orr is a correctional officer of the Maryland D.O.C. who at all times mentioned in this complaint held rank of C.O. II and was assigned to housing unit (1) at N.B.C.I. 7-3 shift.

(19.) Defendant C.O. II Soltas is a correctional officer of the Maryland D.O.C. who at all times mentioned in this complaint held rank of C.O. II and was assigned to housing unit (1) at N.B.C.I. 7-3 shift.

(20.) Each defendant is sued individually and in his/her official capacity at all times mentioned in this complaint, each defendant acted under the color of state law.

## IV Facts

(21.) Since the third week of October 2012 the cell windows "only" in housing unit (1) at N.B.C.I have been screwed shut from the outside making it so the prisoner housed there can not open their windows. When asked under who's authorization are the windows being closed it was told to me by D.O.C. Commissioner Michael Stouffer, Warden Bobby Shearin, Housing unit (1) Lt. Dale Smith.

(22.) Upon information and belief prisoners of housing unit (1) have filed several Administrative Remedies concerning the closing of the windows all have been denied by the Warden Bobby Shearin, D.O.C. Commissioner Michael Stouffer, and the housing unit (1) manager Lt. Dale Smith.

(23.) Since the closing of the windows the effects

of pepper spray can be felt throughout the whole housing unit. (If someone is sprayed with pepper spray on C-O tier which is the south side of the building the effects of it is felt on D-O tier which is the north side of the building).

(24.) Everytime mace is sprayed it causes me to choke, eyes become watery, and I feel the extreme feeling as if I can not breath. With the windows being locked there is no way to allow fresh air inside the cell to allow the pepper spray vapors to escape. Now at no time was I the prisoner being maced so I should not be punished by the effects of mace.

(25.) Upon information and belief other inmates of this housing unit have complained of feeling these effects from pepper spray. And still these defendants Commissioner Michael Stouffer, Warden Bobby Shearin, and Unit (1) Manager Lt. Dale Smith continue to enforce this hazardous policy. Upon information and belief there are several prisoners who are severely asthmatic, and the effects of pepper spray gives

-7-

them the feeling of asphyxiation.

(26) Upon information and belief each defendant Mr. Orth, Mr. Miller, Mr. Soltas, Mr. Salture, Mr. Saville, Mr. Crites, Mr. Wilt, Mr. Isler, Mr. Gillum, Ms. Linscomb, and Mr. Forney maliciously and sadistically continue using excessive amounts of mace inside housing unit (1).

(27) At N.B.C.I. housing unit (1) is the segregation unit housing prisoners on admin-seg as well as prisoners on dis-seg for rule infractions. Also housing unit (1) houses prisoners on C-tier who are mentally ill whose action may warrant the usage of pepper spray becomes more likely so the windows shouldn't be closed.

(28) On January 6, 2013 while being housed at N.B.C.I.'s housing unit (1) B-tier at approximately 10:00 AM excessive force was used on the cell next to the one I was housed in. Officer Miller, Soltas, Saville, and Salture took the writer from the cell to B-tier dayroom and turned the fan on until blood spill cleaned up the mace up, and it cleared out.

(29.) On January 10, 2013 while being housed at N.B.C.I. housing unit (1) B-tier at approximately 12:00 pm excessive force was used on the cell next to the one I was housed in. Officer Soltas, Miller, Keel, and Saville took me from the cell and placed me in A+B side holding cell until Blood Spill cleaned the mace up and it cleared out.

(30.) On February 13, 2013 while being housed at N.B.C.I. housing unit (1) B-tier at approximately 1:30 pm a strong and constant odor associated with the spraying of pepper mace/OC spray flowed throughout the housing unit causing this prisoner and several other inmates to call for assistance. This prisoner started coughing, sneezing, having burning, watery eyes, shortness of breath, change in voice, and choking all caused by the effects of pepper spray.

(31.) Upon information and belief, Defendants Gillum, Soltas, Orth, and Saville were involved in a use of force around or about that sametime this prisoner felt those effects.

(32.) At approximately 1:35 pm Officer Saville C.O. II

-9-

was on B-tier I called to him and explained that I was having trouble breathing (as did other prisoners) and needed medical attention. Officer Saville replied it will clear up it's only mace, officer Saville was visually seen coughing and choking himself (see camera).

(33.) At approximately 1:50 pm defendants Gillum, Soltas, Ortt, and Saville can be seen coughing, choking, and opened the back tier door to allow some circulation of air which only helps those outside of the cell (which are officers).

(34.) On the same day February 13, 2013 but at approximately 7:45 pm I again began feeling the effects of mace. At 7:50 pm officer Lipscomb C.O.II and med tech Kelly (who has on a surgical mask) came on the tier to do medication, I explained to officer Lipscomb C.O.II "I'm having trouble breathing" she said I know I smell it too, med tech Kelly is wearing a surgical mask to block the effects of pepper spray (this can be verified by camera).

(35.) Upon information and belief Mr. Wilt and Mr. Forney was involved in a use of force

which caused the effects of pepper spray to travel throughout the housing unit.

(36.) These defendants are more then aware of their actions, and they push each other to use mace before any other means of de-escalation.

(37.) On 3-4-13 at 8:39 a.m. I asked officer Soltas why he didn't call for the laundry worker so the laundry could be picked up. Officer Soltas replied "No laundry today a water main broke this morning". I immediately asked officer Soltas "will yall be giving us bottled water"? He said that's on the higher ups.

(38.) At 9:22 a.m. officer JRH announced "Do not drink your sink water" over the B-tier loud speaker, present was officers Beechy, Saville, Soltas and a John Doe officer.

(39.) At 9:42 a.m. ~~~~~ lunch was passed out, I requested to recieve a bottle of water; I was told by officer Soltas that since I and the rest of the prisoner's housed in unit (1) recieved "MILK" in your bag lunch, you guys are in "NO Need" to

be given bottled water they don't even have none for us officers.

(40.) At 10:20 a.m. I used the bathroom and once I finished I noticed that I can't flush my feces down the toilet. I then called to officers Soltas, Beechy, Saville, and a John Doe officer (whom all was sitting around the officers desk) and asked for a plastic bag to cover feces in the toilet "Since at no time was anyone notified that the toilet's would be turned off and unavailable for use". Officer Beechy yelled back "man it's your sh*t so you won't die". I then explained to officer Saville that I needed a plastic bag to cover the toilet because it's feces in there, the heat is on, and the window is bolted shut so it really stinks in the cell. He replied "I don't give out bags use a towel or something". By this time I hear other prisoners starting to complain about the same issues that I'm complaining about and I hear officer Orth say to another prisoner (while making his tier walk) yall keep b*tching to me aint gonna fix nothing I gotta deal with it too stop being babies.

(41) It's now 4:05 p.m. the same day (I've been unable to have a drink of water, flush the toilet, brush my teeth, or wash my face. Nor has Commissioner Michael Stouffer, Warden Bobby Shearin or Lt. Dale Smith given word to unbolt the windows of housing unit (1) so "fresh air" can come into the cells) Dinner was passed out and this prisoner told officer's Egleson Co. II, Hughes Co. II and Sist Co that feces have been in the toilet from myself and cell buddy all day and should'nt be forced to eat under inhumane conditions they told me that it was nothing they could do. I then Requested to be taken into the cage inside B-tier Rec-hall to eat and was told no because the institution was on lock down so I then asked for a plastic bag and officer Eagleson told me no they dont give out bags.

(42) I fully understand that a water main break is a uncontrollable event, which takes time to fix, but what I do not understand and pray this Honorable Court agree's is being forced to smell my own waste, and my cellbuddie's all because they want to bolt the windows closed in housing unit (1). We both are in this cell 23 hours daily, we should have access to open & close

-13-

our window just like the other (3) housing units at North Branch Prison.

(43.) At approximately 6:30 p.m. I was finally given (2) bottled waters for drinking but still wasn't given a bag to cover the toilet to stop the smell of a days worth of waste.

(44.) In closing I would like to state as a prisoner I am constitutionally entitled to enviormental conditions that do not pose serious risks to health and safety. Inadequate ventilation violates my 8th Amendment <u>Board V. Farnham</u> 394 F.3d 469 (7th Cir 2005).

(45.) Deprivation of basic sanitation is entitled to me under the constitution <u>Gillis V. Litcher</u> 468 F.3d 488 (7th Cir 2006) "prisons must provide" reasonably <u>acequate ventilation, sanitation</u>, bedding, hygiene materials, and utilities.

(46.) Exposure to sewage and human waste violates the 8th Amendment.

(47.) At 11:00 p.m. I'm still unable to flush the

-14-

toilet and no one has decided to open the windows in the cells (housing unit (1)) so fresh air can come into the cell. And this is my argument having the window bolted shut violates my right to adequate ventilation.

(48.) The defendants by and through their actions and/or inactions are guilty of recklessness, oppression, and/or malice. As a consequence this plaintiff is entitled to punitive damage.

## V Legal Claim

(49.) Plaintiff realleges and is incorporate by reference paragraphs (1-49).

(50.) The deliberate indifference, unsafe conditions, failure of equal treatment, and cruel and unusual punishment (effects of mace) violated the plaintiff's Augustus Woodard #349,818 rights and constitution protected by the 8th Amendment.

(51.) The plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein plaintiff has been and will continue

-15-

to be IRREPARABLY INJURED by the conduct of the defendants unless this Court grants the declaratory and injunctive relief which plaintiff seeks.

## VI Prayer for Relief

Wherefore, plaintiff respectfully prays that this Court enter judgement granting plaintiff

A Declaration that the Acts and omissions described herein violated plaintiff's Rights under the Constitution and laws of the United States.

A preliminary and permanent injunction ordering defendants Stouffer, Shearen, Lt. Smith, Lipscomb, Wolf, ORH, Soltas, Savelle, Gillum, and Forney (Housing Unit (1) staff) to either stop spraying mace or Reopen the windows and keep them open in housing unit (1).

Compensatory damages in the amount of $100,000.00 against each defendant jointly and severally.

Punitive damages in the amount of $100,000.00 against each defendant for mental anguish.

A jury trial on all issues triable by jury.

Plaintiff costs in this suit.

Any additional relief this Court deems just, proper, and equitable.

Date 4-2-13

Augustus Woodard
Augustus Woodard #349 818
14100 McMullen Hwy SW
Cumberland, Maryland
21502

Verification

I have read the foregoing complaint and hereby verify that matters alleged therein are

-17-

true, except as to matters alleged on information and belief and as to those I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at
N.B.C.I Cumberland Md.
on April of 2013.

Augustus Woodard #349.818

Note:

Plaintiff is submitting (2) Exhibit 1A and 1B.

(52-1A) ARP Request from Inmate Donald Pevia with Response pertaining to the window closure.

(52-1B) ARP Request from Inmate Andrew Tuell with Response pertaining to the window closure.

Date: 4.2.13

Augustus Woodard* 349-818
Augustus Woodard
14100 McMullen Hwy. SW
Cumberland, Maryland
21502