IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 JUN 27 P 3: 40

CLERK'S OFFICE
AT BALTIMORE

BY _____ DEPUTY

| | |
|---|---|
| AUGUSTUS WOODARD #349-818 : | |
|   Plaintiff : | |
| v. : | CIVIL ACTION NO. JKB-13-1374 |
| COMMISSIONER J. MICHAEL STOUFFER[1] : | |
| WARDEN BOBBY P. SHEARIN | |
| LT. DALE SMITH : | |
| OFFICER STEVEN MILLER | |
| CO I SALTURE[2] : | |
| CO II RONALD SAVILLE | |
| SGT. WILLIAM GILLUM : | |
| SGT. WALTER ISER | |
| SGT. GREGORY FORNEY : | |
| CO II SHARON LIPSCOMB | |
| CO II JEREMIAH WILT : | |
| CO II CHRISTOPHER ORTT | |
| CO II NICOLAS SOLTAS : | |
|   Defendants | |

**MEMORANDUM**

Plaintiff, a self-represented prisoner currently housed at North Branch Correctional Institution ("NBCI"), seeks monetary damages and injunctive relief mandating that corrections personnel allow all NBCI prisoners to open their outside windows during the winter months in order to have access to better ventilation. He complains that on several occasions in January and February 2013, pepper spray was deployed to quell disturbances on his tier; because the outside windows on his tier were bolted closed, plaintiff was forced to breathe the noxious fumes and as a result suffered ill effects.[3] ECF 1. He also complains that he was forced to breathe foul air for

---

[1] The Clerk shall amend the docket to reflect the full and proper spelling of defendants' names.

[2] This individual was not identified by corrections officials and was not served with the complaint. Even if this individual had been served, he or she would have been entitled to summary judgment for reasons apparent herein.

[3] In his opposition memorandum, plaintiff for the first time alleges that defendants refused to summon medical help for him when he complained of ill effects caused by the use of pepper spray on the tier. ECF 24, p. 8.

a period of roughly 48 hours in early March, 2013, when toilets could not be flushed due to a water main break. *Id.*

Defendants have filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF 16) that shall be treated as a Motion for Summary Judgment. Plaintiff has filed an opposition response (ECF 24) to which defendants have replied. ECF 27. No hearing is needed to resolve the case. *See* Local Rule 105.6 (D. Md. 2011).

### I.   Standard of Review

Defendants' motion relies on materials outside the pleadings, and is construed as a motion for summary judgment. Summary judgment is governed by Federal Rule of Civil Procedure 56(a), which provides in part:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion: By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis omitted). "The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Rule 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness credibility." *Dennis v. Columbia*

*Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). Because Plaintiff is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But the court must also abide by the "'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993), and citing *Celotex Corporation v. Catrett*, 477 U.S. 317, 323–24 (1986)).

## II. Discussion and Analysis

Plaintiff raises two claims – poor conditions of confinement relating to air quality during January, February, and March of 2013, and the failure to provide him access to medical treatment during that time after pepper spray was deployed on his tier. Defendants indicate that several incidents of pepper spray deployment occurred during this period and that the water main break did disrupt prison life for two days in March of 2013. They further explain that windows are bolted shut during the winter months to curtail enormous heating costs. Defendants argue, however, that even if plaintiff's allegations suggest an Eighth Amendment violation, the merits of the case cannot be explored because plaintiff failed to exhaust his administrative remedies. ECF 16, pp. 9-11.

The PLRA provides, in pertinent part:

(a) Applicability of administrative remedies

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e.

Plaintiff is subject to the strict requirements of the exhaustion provisions; it is of no consequence that he is aggrieved by single occurrences, as opposed to a general

3

conditions-of-confinement claim. *See Porter v. Nussle*, 534 U.S. 516, 528 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct). Exhaustion is also required even if the relief sought is not attainable through resort to the administrative remedy procedure, *see Booth v. Churner*, 532 U.S. 731, 741 (2001), and a claim that has not been exhausted may not be considered by this court. *See Jones v. Bock*, 549 U.S. 199, 220 (2007).

Administrative remedies must, however, be available to the prisoner and this court is "obligated to ensure that any defects in administrative exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). The Fourth Circuit has addressed the meaning of "available" remedies:

> [A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it. *See id.* 478 F.3d at 1225; *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Conversely, a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Rather, to be entitled to bring suit in federal court, a prisoner must have utilized all available remedies "in accordance with the applicable procedural rules," so that prison officials have been given an opportunity to address the claims administratively. *Id.* at 87. Having done that, a prisoner has exhausted his available remedies, even if prison employees do not respond. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

*Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

Plaintiff has failed to show that he has satisfied the administrative exhaustion requirement under the PLRA or that defendants have forfeited the right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003). The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 582 F.Supp.2d at 530; *Booth*, 532 U.S. at 735 (affirming dismissal of prisoner's claim for

failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

Maryland provides a three-step grievance process: request for administrative remedy to the Warden of the institution (commonly referred to as an ARP); an appeal of administrative dismissal to the Commissioner of Corrections; and submission of the grievance to the Inmate Grievance Office (IGO).[4] *See Chase*, 286 F. Supp. 2d at 529. Plaintiff suggests that others on the tier submitted ARPs concerning the ventilation. He also claims that he should not be subjected to the exhaustion requirement under an "imminent danger standard." ECF 24, p. 4. This argument fails. The four incidents involving pepper spray exposure occurred between January 6 and February 13, 2013, and the water main break was repaired by March 5, 2013. (ECF 16-6, p. 2). Plaintiff did not file ARPs concerning any of these incidents, instead opting to wait until April 2, 2013, to sign the instant complaint, which was received for filing by the Clerk on May 9, 2013. An "imminent danger" exception to the PLRA exhaustion requirement is not warranted here.

Defendants are entitled to summary judgment.[5] A separate Order shall be entered in accordance with this Memorandum.

June 27, 2014
(Date)

James K. Bredar
United States District Judge

---

[4] An appeal to the IGO must be filed within thirty days following an unfavorable decision from the Commissioner. *See* Md. Code Ann., Corr. Serv. Art. § 10-206 and COMAR, Title 12 § 07.01.03.

[5] For that reason, defendants' defense of qualified immunity shall not be addressed.

5